In The United States District
Court Eighth Circuit, Western
District of Missouri.

Ramar D. Brown )
    Petitioner )   Case No. 06-00175-02-CR-W-SOW.
v. )
United States of America. )
    Respondent )

<u>Motion Requesting Representation appointed by the Courts.</u>

I, Petitioner Ramar D. Brown, writes the Courts with a request that the Court would appoint me an Attorney to represent me on my Sessions v. Dimaya and Davis v. U.S. Claim
    138 S.CT.1204(2018)    139 S.CT.2319(2019)

I. History.

On May 10, 2018 via Postal Mail, I Attempted to Contact my Case Attorney M's. Anita Burns in regards to the Sessions V. Dimaya Case decided by the Supreme Court on April 17, 2018 (See Attached Exhibit Copy # 1 & 2). This is all Pertaining to the 924(c) Charges I was Charged with and Plead to.

On Jan. 10, 2019 A letter was Prepared and sent to me from the Federal Public Defenders office MR. Dan Goldberg Assistant Federal Public Defender. (See Attached Exhibit Copy # 3 & 4) The letter stated that I may be eligible for relief and if I would like for them to represent me. I immediately Phoned MR. Goldberg Upon receiving his letter and stated I would like for him to represent me in which he agreed.

March 29, 2019, another letter was Prepared and sent to my By MR. Goldberg. (See Attached Exhibit Copy # 5, 6, & 7) In this Particular letter MR. Goldberg advised me that it is in my best interest to wait for the Supreme Court ruling on the Davis Case instead of Proceeding in the Dimaya Case. If I Get denied for filing too early I would lose my right to file a 2255 unless Permission was granted by the Eighth Circuit Court of Appeals to file a 2244. In Short, I heeded to the advice of my Attorney to wait until Davis was Decided in the Summer of 2019.

June 24, 2019, The Supreme Court decided the Davis Case. Once decided I Contacted MR. Goldberg via Email and/or Telephone to discuss the next step.

(1)

During the Email Correspondence and Phone calls Mr. Goldberg told me that it would be good for us to wait a few months to see how the district courts are responding and ruling on their cases, and that we have until June of 2020 to file. Once again I follow the advice of my attorney to wait all the time staying in touch with Mr. Goldberg checking the status of my 2255 being filed.

Nov. 22, 2019, a letter was prepared and sent to me by Mr. Goldberg. The letter (See Attached Exhibit copy #8 & 9) stated that he's not going to represent me because of his prior experiences with carjacking cases in which he hasn't had any success in litigating. Based on those experiences he doesn't think I'm entitled to relief because of the carjacking charge. It is his opinion that I can't get relief.

### Mr. Brown's Complaint: (Conclusion)

Mr. Goldberg is no judge or jury to say that I'm not entitled to relief, his only job was to prepare my 2255, win or lose. He contacted me then pulled out approx 6 months before my deadline. Now in March of 2020 the COVID 19 Pandemic has put restrictions on any research I can do. I have no idea of how to file a 2255 motion nor am I qualified to do so. My deadline is in June 2020. I'm respectfully requesting that the court appoint me an attorney to prepare my 2255 for me. I'm restricted to a cell 23 hours a day with only 50 minutes out every day to shower/use the phone/use the computer. There is no way possible that I can meet this deadline on June 24, 2020 Pro Se, due to my lack of knowledge and time frame.

Thank you very much.

Respectfully Submitted,
x _____

On this day of April 15, 2020
Signed under Penalty of Perjury.

Ramar Brown 19116-045
F.C.I. Schuylkill
P.O. Box 759
Minersville, PA - 17954

(2)