Attached Copy #1
Exhibit

Ramar Brown 19116-045
Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

Mailed from
Federal Correctional Institution
Schuylkill, PA

Legal Mail

⇔19116-045⇔
Anita Burns Esq
818 Grand BLVD
Suite 300
Kansas CITY, MO 64106
United States









7017 2620 0001 1641 1838

Mailed Monitoring
Certified
Postage

7017 2620 0001 1641 1838

Attached Copy #2
Exhibit

May 10, 2018

To: Anita Burns Esq.
Federal Public Defenders office
818 Grand Blvd, Suite 300
Kansas City, Missouri 64106

From: Ramar Brown 19116-045
F.C.I. Schuylkill
P.O. Box 759
Minersville, PA. 17954

Case Number: 06-00175-02-CR-W-SOW

Dear Ms. Burns,

I'm writing to in Regards to the Sessions v. Dimaya, No. 15-1498 (Argued January 17, 2017 - Reargued October 2, 2017 - Decided April 17, 2018) Decided by the Supreme Court.

You Represented me in '06-'07 and I took a plea for 300 months due to the numerous counts I had against me for 924 c 1 A that would've given me Mandatory Life Sentences had I went to trial. Also, the Hobbs Act Robberies were considered violent crimes as well. I took a Binding Plea Agreement because I was afraid of being Sentenced to more that 25 years due to the 924 c charges that came with the crimes of violence.

In Light of the Sessions v. Dimaya and the O'Conner case that has deemed Hobbs Act to no longer be a crime of violence I would like to be Represented again to have my Sentence vacated for the 924 c. Once that is Argued, now with Hobbs Act being a max of 20 years I wouldn't want to take a plea of 18 years on a charge that 20 is the max. I Got 18 years for Hobbs Act, 7 consecutive years on the Enhancement, 15 years for Carjacking which went into the 18, and 10 years for Felon in Possession which went into the 18 for Hobbs act. All in All with the 7 years on the Enhancement possibly coming off I'd end up with 18 years. I would then like to renegotiate my plea.

Please Respond Promptly. Thank you,
Ramar B.

Attached Exhibit copy #3

FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF MISSOURI
818 GRAND AVENUE, SUITE 300
KANSAS CITY, MISSOURI 64106

OFFICIAL BUSINESS

Ramar D. Brown, 19116-045
FCI Schuylkill
PO Box 759
Minersville, PA 17954




Attached Exhibit Copy #4

**FEDERAL PUBLIC DEFENDER**
WESTERN DISTRICT OF MISSOURI
818 GRAND AVENUE
SUITE 300
KANSAS CITY, MISSOURI 64106

LAINE CARDARELLA
FEDERAL PUBLIC DEFENDER

(816) 471-8282
(FAX): (816) 471-8008
http://mow.fd.org

January 10, 2019

Ramar D. Brown, 19116-045
FCI Schuylkill
PO Box 759
Minersville, PA 17954

Dear Mr. Brown:

You may or may not know that you were on a list of cases this Office received to determine if you are eligible for sentencing relief based on a United States Supreme Court cases called Sessions v. Dimaya, 138 S.Ct. 1204 (2018). We have determined you may be eligible for relief, and therefore are contacting you to see if you are interested in this office filing a post-conviction relief motion on your behalf.

Please write me, or call me collect, to let me know if you would like me to represent you. We have a deadline in the coming weeks, so let me know as soon as possible.

You should also be aware that, at the time of your guilty plea, you entered into a plea agreement, and that it may be a breach of the plea agreement to file a post-conviction relief motion. We can discuss that issue more when we talk.

Sincerely,

*s/ Dan Goldberg*

Dan Goldberg
Assistant Federal Public Defender

DG:bkb

Attached Exhibit #5 (copy)

FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF MISSOURI
818 GRAND AVENUE, SUITE 300
KANSAS CITY, MISSOURI 64106

OFFICIAL BUSINESS

LEGAL MAIL
OPEN IN PRESENCE OF INMATE

CORRESPONDENCE DOES NOT MEET BOP CRITERIA FOR SPECIAL MAIL HANDLING

Ramar D. Brown, 19116-045
FCI Schuylkill
PO Box 759
Minersville, PA 17954



UNITED STATES POSTAGE
02 1P
0000308893
MAILED FROM ZIP CODE 64106
$000.500
MAR 29 2019
PITNEY BOWES


Attached Exhibit #6 copy



# Federal Public Defender
# Western District of Missouri

**LAINE CARDARELLA**
FEDERAL PUBLIC DEFENDER

**OFFICE**
818 Grand Blvd - Ste 300
Kansas City, Missouri
64106

**PHONE**
816-471-8282

**FAX**
816-471-8008

**EMAIL**
Dan_Goldberg@fd.org

**WEB**
Mow.fd.org

March 29, 2019

Ramar D. Brown, 19116-045
FCI Schuylkill
PO Box 759
Minersville, PA 17954

Dear Mr. Brown:

I am contacting you regarding your 2255 claim that we spoke about filing next month. After considering this issue further with other attorneys, it is our office's decision that you should wait to file your 2255 until after the Supreme Court rules whether part of 18 USC Section 924(c) is unconstitutional in a case called Davis. The Supreme Court will likely issue its decision in June or July.

There are several reasons why you should wait to file your 2255 until after Davis. The government will likely argue that your claim is too early because Davis has not been decided, and the court should deny your 2255 on that basis alone. If your 2255 is denied, then in the future you will lose your right to file a 2255 unless you get permission from the 8th Circuit Court of Appeals to do so by filing a 2244. That is not easy to do, because the requirements for a second 2555 are harder.

I know that the government will likely argue your claim is too early if filed in April, because I filed some 2244s early with a motion to stay, and the government filed a motion to dismiss on that very basis that it was too early. My concern is that the prosecutor will do the same thing in your case, and we will lose based on bad cases from the 8th Circuit. There are other advantages to waiting until after Davis. Even if the Court finds that the part of

Attached Exhibit Copy #7

the statute in question---924(c)---is not unconstitutional you may be still entitled to file for post-conviction relief. Waiting until after Davis to file any 2255 is not without risk, because there is a chance that your claim will be untimely because it will not be filed within a year after Dimaya. But after weighing all the pros and cons, I have decided to wait to file any 2255 for you until after Davis is decided this summer. If you wish to proceed now, and not wait until the Supreme Court's decision in Davis, you will need to do to so *pro se*, prior to the one year anniversary of Dimaya, on April 17, 2019.

I am happy to discuss these issues with you, because I know they are complicated. Please feel free to call me here at work collect, at (816) 471-8282. If I did not hear from you, I will be in touch after the Supreme Court decides Davis this summer.

Sincerely,

Dan Goldberg

Dan Goldberg
Assistant Federal Public Defender


DG/se

Attached Exhibit Copy #8

**FEDERAL PUBLIC DEFENDER**
WESTERN DISTRICT OF MISSOURI
1000 WALNUT, SUITE 600
KANSAS CITY, MISSOURI 64106

OFFICIAL BUSINESS

Ramar Brown, #19116-045
FCI Schuylkill
PO Box 759
Minersville, PA 17954

Attached Exhibit Copy #9

**FEDERAL PUBLIC DEFENDER**
WESTERN DISTRICT OF MISSOURI
1000 WALNUT STREET
SUITE 600
KANSAS CITY, MISSOURI 64106

LAINE CARDARELLA
FEDERAL PUBLIC DEFENDER

(816) 471-8282
(FAX): (816) 471-8008
http://mow.fd.org

November 22, 2019

Ramar Brown, #19116-045
FCI Schuylkill
PO Box 759
Minersville, PA 17954

Dear Mr. Brown:

I wanted to touch based with you regarding your potential 28 U.S.C. Section 2255 claim my office had spoken about filing on your behalf pursuant to *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) and *United States v. Davis*, 139 S.Ct. 2319 (2019).

Unfortunately, I am writing with bad news. Because you were convicted of carjacking, this office has concluded that you are not eligible for relief. Carjacking satisfies the force clause of 924(c). Because of that, the fact that the residual clause of 924(c) is void after *Davis* does not help your case.

I have personally litigated for some years now whether carjacking satisfies for the force clause, and have recently lost that issue in both the Eighth Circuit and before the Supreme Court. *See Brannon Taylor v. United States*, 773 Fed.Appx. 346 (8th Cir 2019), affirmed by Supreme Court in Case No. 19-6238. Numerous others have litigated a similar issue in other circuits, and no one has had success to my knowledge.

If you still wish to litigate this issue, you should feel free to do so on your own. Please be aware that you will need to litigate the issue in a timely fashion, or lose the right to do so. Best of luck to you in the future.

Sincerely,

s/ Dan Goldberg

Dan Goldberg
Assistant Federal Public Defender

DG/se